## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MATLOSZ <br> 2 Thomas Avenue <br> Bellmawr, NJ 08031 <br><br> Plaintiff, <br><br> v. <br><br> LIBERTY COCA-COLA <br> BEVERAGES, LLC <br> 725 East Erie Avenue <br> Philadelphia, PA 19134 <br> & <br><br> TEAMSTERS LOCAL <br> UNION NO. 830 <br> 12298 Townsend Road <br> Philadelphia, PA 19154 <br><br> Defendants. | JURY DEMANDED <br><br><br> No. |

### CIVIL ACTION COMPLAINT

And now Plaintiff, MICHAEL MATLOSZ, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to the Americans with Disabilities Act and its 2008 amendments ("ADA"), 42 U.S.C. § 12101 *et seq.*; the Philadelphia Fair Practices Ordinance ("PFPO"), Philadelphia Code § 9-1100, *et seq.*; and pursuant to the common law of the Commonwealth of Pennsylvania, have been violated and avers as follows:

### PARTIES

A. The Plaintiff

1.  Plaintiff, Michael Matlosz ("Matlosz" or "Plaintiff") is an adult individual residing at 2 Thomas Avenue, Bellmawr, NJ 08031.

1

B. <u>The Defendants</u>

2.    Defendant, Liberty Coca-Cola Beverages LLC, ("Liberty") is a Pennsylvania limited liability corporation that conducts business out of a facility located at 725 East Erie Avenue, Philadelphia, PA 19134.

3.    Defendant, Teamsters Local Union No. 830. ("Teamsters") is a labor union with a principal place of business at 12298 Townsend Road, Philadelphia, PA 19154.

4.    At all relevant times, Liberty was Matlosz's employer, and meets the statutory definition of an "employer" as defined by the ADA and the PFPO.

5.    At all relevant times, the Teamsters were the bargaining agent of Liberty's employees, including Matlosz, and was a labor organization as defined by the ADA.

## JURISDICTION AND VENUE

6    This Complaint alleges discrimination on the basis of Matlosz's disability status, in violation of the Americans with Disability Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"); and pendent state law claims arising under the provisions of the laws of the Commonwealth of Pennsylvania, to wit, the City of Philadelphia's Fair Practices Ordinance ("PFPO"), Philadelphia Code § 9-1100, *et seq.*, and common law duties of fair representation and breach of fiduciary duty.

7.    Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

8.    This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

9.    Additionally, pursuant to 28 U.S.C. §1367, this Court has Supplemental jurisdiction to hear all of Matlosz's claims arising under Pennsylvania state law.

10. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

## ADMINISTRATIVE PROCEEDINGS

11. On or about July 21, 2019, Matlosz dual-filed a complaint of discrimination with the Philadelphia Commission of Human Relations ("PCHR") and the Equal Employment Opportunity Commission, which was docketed as EEOC Charge No. 17G-2019-00135C / PCHR Charge No. 2019-06-28-1764, alleging discrimination and wrongful discharge from his employment due to the actions of Liberty.

12. On or about January 22, 2020 Matlosz filed a charge of discrimination with the EEOC alleging discrimination due to the actions of Teamsters, which was docketed as EEOC Charge No. 530-2020-02089.

13. Matlosz has been advised of his individual right to bring a civil action by receiving a Notice of Rights from the EEOC and the PCHR. (Attached hereto as Exhibit "A" and Exhibit "B").

14. Matlosz has exhausted the administrative remedies available to him, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## OPERATIVE FACTS

15. On or about August 9, 1999, Matlosz was hired to work at Liberty's facility in Philadelphia, PA as a "service technician / cooker-delivery driver."

16. After being hired by Liberty, Matlosz entered into a collective bargaining agreement ("CBA") with Defendant Teamsters Local Union No. 830.

17. During the course of his employment, Matlosz was inflicted with a disability that impacted his vision.

18. Because of his resulting vision problems, Matlosz's Commercial Driving License ("CDL") was rescinded.

19. After Matlosz lost his CDL, Liberty assigned Matlosz to work in the vending warehouse. Despite the fact that Matlosz no longer held a CDL, he was capable of meeting the essential functions of his position in the vending warehouse.

20. In April 2019, Liberty informed Matlosz that they had changed his schedule and that he could no longer work in the vending warehouse position.

21. Liberty informed Matlosz that he was losing his position because a more senior employee had successfully "bid" on the vending warehouse position – resulting in Matlosz's displacement.

22. Liberty told Matlosz that because he could no longer work in the vending warehouse position, that he was again expected to work on trucks.

23. Matlosz informed Liberty and his manager Tom Fredd that he was unable to work on trucks due to his vision problem.

24. Liberty removed Matlosz from his position working on trucks and instead assigned him to a position installing soda fountains.

25. Even though Matlosz no longer held a CDL, Matlosz was qualified to perform the essential duties of his position installing soda fountains.

26. Nevertheless, Liberty terminated Matlosz on May 17, 2019 because he could not drive trucks.

27. Matlosz asked Glenn Fulcher, the Teamsters' Vice President, for assistance in securing a position that allowed him to continue working notwithstanding his disability, vision problems, and loss of a CDL. After consulting with the Union's attorney, Mr. Fulcher told Matlosz that the Teamsters refused to assist Plaintiff because "seniority trumps disability."

28. Upon information and belief, Teamsters and Liberty previously created positions for other employees who were disciplined from their position due to job bidding or due to the onset of a disability or medical issue.

## CAUSES OF ACTION

### COUNT I
### Americans with Disabilities Act
### (Matlosz v. Defendants)

29. Matlosz incorporates all the preceding paragraphs as if they were set forth at length herein.

30. Based on the foregoing, Matlosz alleges that Defendants violated the ADA by subjecting him to discrimination on the basis of his actual and/or perceived disabilities and/or records of impairment.

31. Matlosz further alleges that Defendants violated the ADA by failing to engage him in the interactive process and provide him with reasonable accommodations for his disabilities.

32. Rather, Liberty terminated Matlosz because of his actual and/or perceived disabilities and/or records of impairment on in retaliation for requesting reasonable accommodations.

33. Further, Teamsters refusal to represent Matlosz was motivated by a discriminatory animus regarding Matlosz's actual and/or perceived disabilities and/or records of impairment.

34. Defendants conduct caused Matlosz to sustain significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Matlosz has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

35. Matlosz prays that Defendants be required to provide all appropriate remedies available under the ADA.

## COUNT II
### Pennsylvania Common Law Claim for Breach of the Fair Duty of Representation
(Matlosz v. Teamsters)

36. Matlosz incorporates the preceding paragraphs as if fully set forth at length herein.

37. Teamsters failed to file a request for arbitration on behalf of Matlosz and against the Liberty and he lost his employment as a result.

38. Teamsters' failure to request arbitration on Matlosz's behalf was in bad faith and done because of Matlosz's actual disability and/or because Teamsters regarded Plaintiff as disabled.

39. Teamsters' actions, as described above, constituted inexcusable inattention and were arbitrary, discriminatory, and were done in bad faith. Teamsters breached its duty to act honestly and in good faith and to avoid arbitrary conduct.

40. Teamsters breached its duty of fair representation that it owed to Matlosz.

41. As a proximate result of Teamsters' conduct, Matlosz sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages, and Matlosz has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

COUNT III
Pennsylvania Common Law Claim for Breach of
Fiduciary Duty
(Matlosz v. Teamsters)

42. Plaintiff incorporates the above paragraphs as if fully set forth at length therein.

43. Pennsylvania recognizes that unions owe fiduciary obligations to its members *Case v. Hazelton Area Educ. Support Personnel Ass'n*, 928 A.2d 1154, 1158 (Pa. Commw. Ct. 2007).

44. Teamsters neglected its fiduciary obligations to protect Plaintiff by failing to honor the terms of the CBA and by failing to provide Plaintiff with assistance.

45. Teamsters' actions, as described above, constituted inexcusable inattention and were arbitrary, discriminatory, and were done in bad faith. Teamsters breached its duty to act honestly and in good faith and to avoid arbitrary conduct.

46. Teamsters breached the fiduciary obligations that it owed to Plaintiff.

47. As a proximate result of Teamsters' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages, and Plaintiff

has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

## COUNT IV
### Violation of the Philadelphia Fair Practices Ordinance
(Matlosz v. Liberty)

48. Plaintiff incorporates the above paragraphs as if fully set forth at length herein.

49. At all times material hereto, and pursuant to the Philadelphia Fair Practices Ordinance § 9-1103(a), et seq, an employer may not discharge, or otherwise discriminate against any individual, with respect to tenure, promotions, terms, conditions or privileges of employment or with respect to any matter directly or indirectly related to employment on account of an employee's disability.

50. Plaintiff is a qualified employee and person within the definition of Philadelphia Fair Practices Ordinance, Philadelphia Code § 9-1100, et seq,.

51. Defendant is an "employer" and is thereby subject to the strictures of the Philadelphia Fair Practices Ordinance, Philadelphia Code § 9-1100, et seq,.

52. Defendant's aforementioned conduct in terminating Plaintiff's employment constitutes an adverse, interfering and/or retaliatory action and was taken as a result of the exercise of his rights under the Philadelphia Fair Practices Ordinance, Philadelphia Code § 9-1100, et seq,.

53. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and

Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

54. As a result of the Defendant's conduct, Plaintiff hereby demands punitive damages.

55. Pursuant to the Philadelphia Fair Practices Ordinance, Philadelphia Code § 9-1100, et seq,. Plaintiff demands attorney's fees and court costs.

### IV. RELIEF REQUESTED

**WHEREFORE,** Plaintiff Michael Matlosz demands judgment in his favor and against Defendants in an amount in excess of $150,000.00 together with:

A. Compensatory damages for: including, but not limited to, restitution, expectation damages, consequential damages, back pay and lost benefits lost future wages, lost earning capacity, economic loss, pain and suffering, emotional distress and;

B. Punitive damages;

C. Interest on the amount of the claim from the date the claim was made by Plaintiff in an amount equal to the prime rate of interest plus 3% for bad faith.

D. Attorney's fees and costs of suit.

E. Any other further relief this Court deems just proper and equitable.

Date: <u>October 9, 2020</u>         **LAW OFFICES OF ERIC A. SHORE, P.C**

                                              BY:    /s/ Brian M. Doyle

                                              **BRIAN M. DOYLE, ESQUIRE**
                                              Two Penn Center, Suite 1240
                                              1500 John F. Kennedy Boulevard
                                              Philadelphia, PA 19110
                                              Tel.: (215) 944-6113
                                              Email: bdoyle@ericshore.com
                                              *Attorney for Plaintiff, Michael Matlosz*

## **VERIFICATION**

I, Michael Matlosz, verify that the foregoing Complaint is true and correct to the best of my knowledge, information, and belief.

I understand that false statements herein made are subject to penalty of law, relating to unsworn falsification to authorities.

Oct 9, 2020

Date

Michael Matlosz (Oct 9, 2020 14:39 EDT)

Michael Matlosz