# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MATLOSZ,<br><br>                Plaintiff,<br><br>vs.<br><br>LIBERTY COCA-COLA BEVERAGES LLC and TEAMSTERS LOCAL UNION NO. 830,<br><br>                Defendants. | NO. 2:20-cv-05027-RBS |

## ANSWER TO COMPLAINT

Defendant Liberty Coca-Cola Beverages LLC ("Liberty") hereby answers the Complaint of Plaintiff Michael Matlosz, in accordance with the numbered paragraphs thereof as follows:

## PARTIES

1. Liberty admits that Mr. Matlosz is an adult. After a reasonable investigation, Liberty is without knowledge sufficient to form a belief about the truth of the remaining allegation in this paragraph and, therefore, denies it.

2. Liberty admits that it conducts business out of a facility located at 725 E. Erie Avenue, Philadelphia, PA 19134. Liberty denies the remaining averments in this paragraph.

3. Admitted.

4. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, denied. Liberty specifically denies that it was Matlosz's employer at all relevant times.

5. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, denied.

## JURISDICTION AND VENUE

6. Liberty admits that Mr. Matlosz brings this action seeking relief under the statutes and common law causes of action identified, but denies that Mr. Matlosz is entitled to any relief or that it violated any of the referenced statutes.

7. Liberty admits that Mr. Matlosz brings this action seeking relief under the statutes identified, but denies that Mr. Matlosz is entitled to any form of declaratory relief.

8. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Liberty admits that subject matter jurisdiction is proper in this Court.

9. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Liberty admits that this Court has supplemental jurisdiction over Mr. Matlosz's state law claims.

10. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Liberty admits that venue is proper in this Court.

## ADMINISTRATIVE PROCEEDINGS

11. After a reasonable investigation, Liberty is without knowledge sufficient to form a belief about the truth of the allegations included in this paragraph and, therefore, denies them.

12. After a reasonable investigation, Liberty is without knowledge sufficient to form a belief about the truth of the allegations included in this paragraph and, therefore, denies them.

13. Admitted.

14. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, denied.

## OPERATIVE FACTS

15. Denied.

16. After a reasonable investigation, Liberty is without knowledge sufficient to form a belief about the truth of the allegations included in this paragraph and, therefore, denies them.

17. After a reasonable investigation, Liberty is without knowledge sufficient to form a belief about the truth of the allegations included in this paragraph and, therefore, denies them.

18. After a reasonable investigation, Liberty is without knowledge sufficient to form a belief about the truth of the allegations included in this paragraph and, therefore, denies them.

19. Admitted in part; denied in part. Liberty admits that after Mr. Matlosz lost his CDL, he performed work in the warehouse. Liberty denies the remaining allegations in this paragraph.

20. Denied.

21. Admitted.

22. Denied.

23. Denied.

24. Denied.

25. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, denied.

26. Liberty admits that it terminated Mr. Matlosz on May 17, 2019. Liberty denies the remaining allegations of this paragraph.

27. After a reasonable investigation, Liberty is without knowledge sufficient to form a belief about the truth of the allegations included in this paragraph, and therefore, denies them.

28. Denied.

## CAUSES OF ACTION
### COUNT I
### Americans with Disabilities Act
### (Matlosz v. Defendants)

29. Liberty incorporates all the preceding paragraphs as if they were set forth at length herein.

30. Liberty admits that Mr. Matlosz alleges that Defendants violated the ADA. Liberty specifically denies that it violated the ADA, as alleged by Mr. Matlosz.

31. Liberty admits that Mr. Matlosz alleges that Defendants violated the ADA. Liberty specifically denies that it violated the ADA, as alleged by Mr. Matlosz.

32. Denied.

33. Liberty is without sufficient information to admit or deny the allegations contained in this paragraph, which appear to be directed at Defendant Teamsters and, on that basis, denies those allegations.

34. Denied.

35. Liberty admits that Mr. Matlosz seeks remedies in this matter, but specifically denies that he is entitled to any of them.

### COUNT II
### Pennsylvania Common Law Claim for Breach of the
### Fair Duty of Representation
### (Matlosz v. Teamsters)

36. Liberty incorporates all the preceding paragraphs as if they were set forth at length herein.

37. Liberty is without sufficient information to admit or deny the allegations contained in this paragraph, which appear to be directed at Defendant Teamsters and, on that basis, denies those allegations.

38. Liberty is without sufficient information to admit or deny the allegations contained in this paragraph, which appear to be directed at Defendant Teamsters and, on that basis, denies those allegations.

39. Liberty is without sufficient information to admit or deny the allegations contained in this paragraph, which appear to be directed at Defendant Teamsters and, on that basis, denies those allegations.

40. Liberty is without sufficient information to admit or deny the allegations contained in this paragraph, which appear to be directed at Defendant Teamsters and, on that basis, denies those allegations.

41. Liberty is without sufficient information to admit or deny the allegations contained in this paragraph, which appear to be directed at Defendant Teamsters and, on that basis, denies those allegations.

### COUNT III

### Pennsylvania Common Law Claim for Breach of Fiduciary Duty
### (Matlosz v. Teamsters)

42. Liberty incorporates all the preceding paragraphs as if they were set forth at length herein.

43. Liberty is without sufficient information to admit or deny the allegations contained in this paragraph, which appear to be directed at Defendant Teamsters and, on that basis, denies those allegations.

44. Liberty is without sufficient information to admit or deny the allegations contained in this paragraph, which appear to be directed at Defendant Teamsters and, on that basis, denies those allegations.

45. Liberty is without sufficient information to admit or deny the allegations contained in this paragraph, which appear to be directed at Defendant Teamsters and, on that basis, denies those allegations.

46. Liberty is without sufficient information to admit or deny the allegations contained in this paragraph, which appear to be directed at Defendant Teamsters and, on that basis, denies those allegations.

47. Liberty is without sufficient information to admit or deny the allegations contained in this paragraph, which appear to be directed at Defendant Teamsters and, on that basis, denies those allegations.

## COUNT IV
### Violation of the Philadelphia Fair Practices Ordinance
### (Matlosz v. Liberty)

48. Liberty incorporates all the preceding paragraphs as if they were set forth at length herein.

49. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, admitted.

50. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, denied.

51. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, admitted.

52. Denied.

53. Denied.

54. Liberty admits that Mr. Matlosz seeks punitive damages in this matter, but specifically denies that he is entitled to them.

55. Liberty admits that Mr. Matlosz seeks attorneys' fees in this matter, but specifically denies that he is entitled to them.

**WHEREFORE**, Liberty respectfully requests that the Court dismiss Mr. Matlosz's Complaint with prejudice and award it reasonable attorneys' fees and costs incurred in the defense of this matter and any other relief the Court deems appropriate.

## AFFIRMATIVE DEFENSES

1. Mr. Matlosz's Complaint fails to state claims upon which relief may be granted.

2. At all times, Liberty acted reasonably and in good faith.

3. All of Liberty's actions taken with respect to Mr. Matlosz were at all times taken for legitimate, non-discriminatory reasons.

4. At all times, Liberty exercised reasonable care to prevent any discriminatory behavior, and Mr. Matlosz unreasonably failed to take advantage of the preventative and corrective opportunities offered or to avoid harm otherwise.

5. Liberty took reasonable steps to comply with anti-discrimination laws and any acts in violation of the statutes were in contravention of Liberty's good faith efforts to comply.

6. Liberty maintains strictly enforced policies which prohibit unlawful discrimination and provide a mechanism by which employees may seek to redress instances of unlawful discrimination.

7. The accommodations requests by Mr. Matlosz were not reasonable insofar as they would have caused Liberty an undue hardship.

8. Mr. Matlosz was not a qualified individual under the ADA.

9. Mr. Matlosz failed to engage in the interactive process with Liberty.

10. Any damages suffered by Mr. Matlosz were proximately caused by his own conduct and not the conduct of Liberty.

11. Mr. Matlosz has failed to mitigate his damages, if any, and Liberty is entitled to an offset for any mitigation.

12. Liberty reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceeding in this this action.

**WHEREFORE**, Liberty respectfully requests that this Court deny all relief sought by Mr. Matlosz and dismiss his Complaint with prejudice.

*s/ Paul C. Lantis*
Paul C. Lantis (PA #309240)
Michael Romeo (PA #324694)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102
*plantis@littler.com*
*mrromeo@littler.com*

*Attorneys for Defendant,*
Dated:  December 10, 2020          *Liberty Coca-Cola Beverages LLC*

## **CERTIFICATE OF SERVICE**

    I, Paul C. Lantis, hereby certify that on this 10th day of December 2020, I caused a true and correct copy of the foregoing document was filed using the Eastern District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

                                                      *s/ Paul C. Lantis*
                                                      Paul C. Lantis