**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL MATLOSZ | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | No.  2:20-cv-05027 |
| LIBERTY COCA-COLA | : | |
| BEVERAGES, LLC, and | : | |
| TEAMSTERS LOCAL | : | |
| UNION NO. 830 | : | |
| *Defendants*. | : | |

**PLAINTIFF'S MEMORADUM IN OPPOSITION TO DEFENDANT, TEAMSTERS LOCAL UNION NO. 830'S MOTION TO DISMISS**

### I.      Introduction

This case arises out of Defendant, Liberty Coca-Cola Beverages' (hereinafter "Liberty") unlawful termination of Plaintiff, Michael Matlosz's (hereinafter "Matlosz") employment. *See* Plaintiff's Complaint attached hereto as Exhibit "A". As part of his Complaint, Matlosz also alleged that Moving Defendant, Teamsters Local Union No. 115 (hereinafter "Union"), violated his rights under the Americans with Disabilities Act ("ADA"), and under Pennsylvania common law due to the Union's breach of fiduciary duty and fair duty of representation. Liberty has filed an Answer to Matlosz's Complaint. (ECF 4).

Presently before this Court is the Union's Motion to Dismiss Matlosz's Complaint in its entirety. (ECF 6). The Union argues that Matlosz's ADA claims fail because

### II.      Statement of Facts

Matlosz was hired by Liberty on August 9, 1999 as a service technician / cooker-delivery driver. *See* Ex. A at ¶ 15. As an employee of Liberty, Matlosz entered into a collective bargaining agreement ("CBA") with the Union. *See id.* at ¶ 16.

1

During the course of his employment, Matlosz was inflicted with a disability that impacted his vision and which resulted in his commercial driving license ("CDL") being rescinded. *See id*. at ¶¶ 17-18. After Matlosz lost his CDL, Liberty assigned him to work in the vending warehouse – where Matlosz could meet the essential functions of his job.  *See id*. at ¶ 19. However, in April 2019 Liberty informed Matlosz that it was changing his schedule and that he could no longer work in the warehouse. *See id*. at ¶ 20. Liberty explained to Matlosz that he was losing this position because a more senior employee had successfully "bid" on his position in the warehouse. *See id*. at ¶ 21. Liberty further informed Matlosz that it again expected him to work on trucks. *See id*. at ¶ 22.

In response, Matlosz informed Liberty and his manager Tom Fredd that he was unable to work on trucks due to his vision problem. *See id*. at ¶ 23. Liberty assigned Matlosz to a position installing soda fountains, which Matlosz could perform despite not holding a CDL and despite his vision problems. *See id*. at ¶¶ 24-25. However, Liberty terminated Matlosz on May 17, 2019 because Matlosz was no longer qualified to drive trucks. *See id*. at ¶ 26.

Upon being notified of his termination, Matlosz asked Union Vice President Glenn Fulcher for assistance in securing a position that allowed him to continue working notwithstanding his disability. *See id*. at ¶ 27. In response, Mr. Fulcher simply told Matlosz that the Union would not assist him because "seniority trumped disability." *See id*. However, Matlosz avers that Liberty and the Union have previously created positions for other employees who were displaced during to bidding or due to the onset of a disability or medical issues. *See id*. at ¶ 28.

## III.     Standard of Review

The Third Circuit's pleading standard merely requires a complaint to "set out 'sufficient factual matter' to show that the claim is sufficiently plausible . . . [allowing] the reasonable

inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d. Cir. 2009); quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In deciding a Fed.R.Civ.P. 12(b)(6) motion to dismiss, "Courts must accept all factual allegations as true, construe the Complaint in the light most favorable to the Plaintiff and determine whether, under any reasonable reading of the Complaint, the plaintiff may be entitled to relief." *Fowler*, *supra*. A complaint need only set forth facts sufficient to support a plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

Further, "…a plaintiff is not required to establish the elements of a prima facie case but instead, need only put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of a necessary element." *Fowler*, *supra* (internal citations omitted).  Thus, courts should not dismiss a complaint for failure to state a claim if it contains either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Montville Twp. V. Woodmont Builders, LLC*, No. 05-4888, 2007 WL 2261567 at *2 (3d. Cir. 2007).

Additionally, while Matlosz's Complaint meets the pleading standard, he should be provided an opportunity to file an Amended Complaint if it appears that any deficiencies can be corrected. Under the liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## IV.    Argument

### A.  Matlosz's Complaint Alleges a Plausible Discrimination Claim Against the Union

To establish a *prima facie* case under the ADA, a plaintiff must show that he is a 1) qualified individual with a disability, and that he 2) suffered an adverse action by the defendant because of that disability. *See Eshelman v. Agere Sys. Inc*., 554 F.3d 426, 433 (3d Cir. 2009). Title I of the ADA prohibits labor unions from discriminating against qualified individuals with disabilities. *See* 42 U.S.C. § 12111-12117.  This *prima facie* hurdle "'is not onerous' and poses 'a burden easily met.'" *Doe v. C.A.R.S. Protection Plus, Inc.,* 527 F.3d 358, 365 (3d Cir. 2008). Matlosz's Complaint meets this standard because there is a reasonable inference that discovery will reveal evidence of the necessary elements of his disability discrimination claim.

As alleged, Matlosz was a qualified individual with a disability. *See* Ex. A at ¶¶ 17, 19, 25. When Matlosz lost his CDL due to his disability, he was assigned to a warehouse position – which he subsequently lost when a more senior employee outbid him for this position. *See id*. at ¶ 21. At this point, Matlosz was assigned to a position installing soda fountains. *See id*. at ¶ 25. While Matlosz was qualified to perform this work notwithstanding his disability, Liberty terminated his employment because his disability prevented him from driving trucks.  *See id*. at ¶ 26. When Matlosz asked the Union for assistance regarding his termination from the soda fountain installation position, the Union simply responded "seniority trumps disability." *See id*. at ¶ 27.

The Union's refusal to assist Matlosz because "seniority trumps disability" suggests a discriminatory intent. At the time of Matlosz's termination was working in the soda fountain installation position and *not* in the position from which he had been displaced. Furthermore, the Union had assisted members by creating positions when they were displaced – thereby suggesting that the Union could have interceded regardless of the CBA's seniority provisions. *See id*. ¶ 28. Nevertheless, the Union refused to do anything for Matlosz simply because

4

"seniority trumps disability." Thus, Matlosz alleges that the Union refused to represent him because he is disabled, and in violation of the ADA. *See id*. ¶ 33.

The Union's argument unfairly conflates the summary judgment standard with the pleading standard. For instance, the Union relies on *Dubose v. Dist. 1199C, Nat. Union of Hosp. & Health Care Employees, AFSCME, AFL-CIO*, 105 F. Supp. 2d 403, 415 n. 14 (E.D. Pa. 2000) to argue that Matlosz's Complaint "simply does not plead the facts necessary to establish" a disability discrimination claim. *See* ECF 6 at 6. In *Dubose* the court granted summary judgment in favor of a union in a disability discrimination claim after finding that the plaintiff failed to establish that he was "disabled" within the meaning of the plaintiff. However, the court further noted that the plaintiff failed to adduce evidence that the connected the union's failure to grieve his termination to the plaintiff's disability:

> There is no allegation that the Union caused [the employer] to terminate Dubose or otherwise caused [the employer] to discriminate against Dubose. Nor is there any allegation that the Union failed or refused to make a reasonable accommodation in the course of its representation. Finally, there no any evidence that the Union treated Dubose less favorably on account of his alleged disabilities than the Union treated similarly situated members who are not disabled. Indeed, there is no evidence connecting the Union's alleged mishandling of Dubose's grievance with his alleged disability in any way.
>
> *Dubose*, 105 F. Supp. 2d 403 at 415 n. 14.

But even under the less onerous standards of Fed. R. Civ. P. 12(b)(6), Matlsoz's Complaint avoids this flaw. Unlike *Dubose*, Matlosz pleads that the Union explicitly told Matlosz that it would not assist him because "seniority trumps disability." *See* Ex. A at ¶ 27. In other words, the Union refused to assist Matlosz *because* of his disability. And as the Third Circuit has routinely recognized that unions may not refuse to assist its members due to their membership in a protected class. *See e.g*., *Goodman v. Lukens Steel Co.*, 777 F.2d 113, 127 (3d

Cir. 1985), *aff'd*, 482 U.S. 656 (1987) ("By shirking their responsibility for presenting grievances based on discrimination, the unions also violated the duty to enforce the collective bargaining agreement"). Also unlike *Dubose*, Matlosz pled that the Union treated him less favorably than other members. *See id* at ¶ 28.

Additionally, the Union's reliance on *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002) is misplaced. As the Union correctly states, in *Barnett* the Supreme Court held that generally speaking, an employer does not have to make special exceptions to a seniority system in order to accommodate a disabled individual under the ADA. *See Barnett*, 535 U.S. at 403. However, *Barnett* has little relevance to the Union's argument for two reasons. First - even though Matlosz was displaced from the warehouse position due to the CBA's seniority-based bidding system, Matlosz was terminated from the soda installation position because he no longer held a CDL. *See* Ex. A at ¶¶ 25, 26. Thus, the CBA's seniority-based bidding system only has tangential relevance in explaining why Matlosz was working as a soda fountain installer at the time of his termination. In this context, Fulcher's statement that "seniority trumps disability" in refusing to assist Matlosz is a jab at his status as a disabled individual rather than a "fair summary of the applicable law."

Second, even *Barnett* states that an "...employee remains free to show that special circumstances warrant a finding that, despite the presence of a seniority system … the requested accommodation is reasonable on the particular facts." *Barnett* at 405. For example, a plaintiff could show:

> that the employer, having retained the right to change the seniority system
> unilaterally, exercises that right fairly frequently, reducing employee expectations
> that the system will be followed – to the point where one more departure, needed
> to accommodate an individual with a disability, will not likely make a difference.
> The plaintiff might show that the system already contains exceptions such that, in
> the circumstances, one further exception is unlikely to matter.

*See id*. at 405-06.

While Martlosz has not yet had the opportunity to test his contentions with discovery, he avers that such "special circumstances" exist as applied to the Union because the Union created positions for other employees who had been recently displaced due to seniority-bidding. *See* Ex. A at ¶ 28. *See also Johnson v. McGraw-Hill Companies*, 451 F. Supp. 2d 681, 707 (W.D. Pa. 2006) (denying summary judgment where special circumstances suggested that transfer would have been reasonable given plaintiff's circumstances); *O'Dell v. Dep't of Pub. Welfare of Pennsylvania*, 346 F. Supp. 2d 774, 787 (W.D. Pa. 2004) (denying summary judgment where there was a material question as to whether it would be reasonable to deviate from union contract).

Accordingly, Matlosz respectfully requests that this Court deny the Union's motion to dismiss Count I of his Complaint.

### B.  Federal Law Does Not Preempt Matlosz's Timely Common Law Allegations Against the Union

Matlosz alleges that the Union violated Pennsylvania common law when it breached the duty of fair representation (Count II) and fiduciary obligations (Count III) that it owed to him (collectively "common law claims"). The Union argues these common law claims are preempted by the National Labor Relations Act ("NLRA") because "state-law claims are presumptively preempted by the NLRA when they concern conduct that is actually or arguably protected or prohibited by the NLRA." ECF 6-1 at 8 (*quoting Pa. Nurses Ass'n v. Pa. State Educ. Ass'n*, 90 F.3d 797, 801 (3d Cir. 1996). The Union also asks this Court to analyze Matlosz's common law claims under the procedural and substantive standards of Section 301(a) of the Labor

Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and dismiss the common law claims as untimely per the LMRA's six-month statute of limitations.

However, Matlosz's common law claims concern allegations that are *not* governed by Section 301 of the LMRA and thus are not preempted by federal law. Section 301(a) of the LMRA governs claims founded directly on rights contractual created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Gosch v. Int'l Chapter of Horseshoers & Equine Trades, Local 947*, 200 F. Supp. 3d 484, 492 (M.D. Pa. 2016) quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987). Matlosz's common law claims are not based on a collective bargaining agreement. Rather, Matlosz bases his common law claims under the theory that the Union's actions constituted "inexcusable inattention and were arbitrary, discriminatory, and were done in bad faith." *See* Ex. A at ¶¶ 39, 45.

For instance, in *Gosch* a member sued his union when the union allegedly failed to arbitrate a grievance on the member's behalf. The member sued the union for breach of its common law duty of fair representation and specifically alleged that the union's actions were "arbitrary, discriminatory, or made in bad faith." *Gosch*, 200 F.Supp.3d at 488. The court held that the member's claims *were not* preempted by Section 301 of the LMRA, noting that such claims "often require review of the substantive positions taken and policies pursued by a union in its negotiation of a collective bargaining agreement and in its handling of the grievance machinery." *Id*. at 484, quoting *Vaca v. Sipes*, 386 U.S. 171, 181 (1967).[1]

---

[1] The Union also suggests that *Case v. Hazelton Area Educ. Support Personnel Ass'n*, 928 A.2d 1154, 1158 (Pa. Commw. Ct. 2007), which Matlosz cited in his Complaint in support of his common law claim for breach of fiduciary duty, is distinguishable because *Case* concerned a member of public as opposed to private union. However, *Gosch* notes that "no authority appears to suggest that the duty of fair representation does not extend to private-sector unions that represent private-section employees and are certified" under state law. *Gosch*, 200

Matlosz's allegations are closely analogous to those alleged in *Gosch*, such that his common law claims should not be preempted by federal law. Accordingly, Matlosz respectfully requests that this Court deny the Union's motion to dismiss his common law claims and to order the Union to file an Answer. Alternatively, Matlosz requests the opportunity to submit an Amended Complaint for the Court's consideration.

1. *Matlosz's Common Law Claims Are Timely Under The State Two Year Statute of Limitations*

Even though Matlosz is suing under state law, the Union asks this Court to impose the six month statute of limitations contained under Section 301 of the LMRA and dismiss Matlosz's common law claims as untimely. However, the LMRA does not contain a statute of limitations for breach of the duty of fair representation claims. *Kilpatrick v. Sheet Metal Workers Int'l Ass'n Local Union No. 19*, No. CIV. A. 96-4862, 1996 WL 635691, at *2 (E.D. Pa. Oct. 30, 1996). Accordingly, this court should borrow the most analogous state limitations period – which in this case is two years. *Id*. citing *Reed v. United Transp. Union,* 488 U.S. 319, 323 (1989); *See Yon v. SEPTA*, No. CIV.A. 01-5231, 2003 WL 22597614, at *15 (E.D. Pa. Nov. 4, 2003) ("There is a two year statute of limitations applicable to claims for breach of the fair duty of representation.")

*DelCostello v. International Bhd. Of Teamsters*, 462 U.S. 151 (1983), upon which the Union relies, is distinguishable. In *DelCostello* the plaintiff alleged a hybrid action under Section 301 of the LMRA that alleged that the employer breached the CBA and the union breached its duty of fair representation. The Supreme Court imposed the six-month statute of limitations period from § 10(b) of the NLRA because the dispute involved critical terms in the collective-bargaining relationship between the company and the union. However, the Court noted that this

---

F.Supp.3d at 492-93.

particular holding "should not be taken as a departure from prior practice of borrowing [state] limitations periods for federal causes of action, in labor law or elsewhere."  *DelCostello*, 462 U.S. at 171.

*DelCostello* is inapposite because Matlosz did not allege that the Union breached the terms of the CBA. Rather, Matlosz is proceeding under a common law theory of relief – which hinges on whether the Union's actions were "arbitrary, discriminatory, or made in bad faith" for which the LMRA is not applicable. Thus, this Court should find Matlosz's common law claims to be timely under the applicable two-year statute of limitations period.

2.   *The Complaint Sets Forth A Valid Breach of Representation Claim*

The Union claims that Matlosz's breach of representation claim is essentially identical to his ADA claim, and that "the standard used to evaluate whether a union violated the ADA in its representation of a bargaining unit member incorporates an analysis of whether the union violated its duty of fair representation..." See ECF 6-1 at 10. This is untrue. Under Pennsylvania law governing the duty of fair representation, a plaintiff claiming that her union has breached its duty of fair representation must show that the Union's processing of a grievance was arbitrary, discriminatory, or based on bad faith. See *Hughes v. Council 13, Am. Fed'n of State, County and Mun. Employees,* 629 A.2d 194, 195–96 (Pa.Comm.Pl.1993). Matlosz's Complaint alleges sufficient facts showing that the Union's actions were arbitrary or based on bad faith – in addition to facts that the Union's actions were discriminatory. Because Matlosz's Complaint meets the plausibility pleading standard, he should be able to test his contentions with discovery.

**V.      Conclusion**

In light of the foregoing, Matlosz respectfully requests this Honorable Court deny the Union's Motion to Dismiss and to order that the Union file an answer to his Complaint within fourteen (14) days.  Alternatively, Matlosz respectfully requests for the opportunity to file a Amended Complaint to clarify his claims against Defendant.

Respectfully submitted,

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:    /s/Brian M. Doyle

BRIAN M. DOYLE, ESQUIRE

Attorney for Plaintiff, Michael Matlosz

Date: December 23, 2020

## <u>CERTIFICATE OF SERVICE</u>

        On December 23, 2020, the undersigned electronically filed the Plaintiff's Opposition to Defendant Teamster's Local Union No. 830's Motion to Dismiss with Brief and served, via ECF, upon:

        Jeremy E. Meyer, Esq.
        Cleary, Josem & Trigiani, LLP
        Constitution Place
        325 Chestnut Street, Suite 200
        Philadelphia, PA 19106
        *Attorneys for Defendant Union*

        Paul C. Lantis, Esq.
        Michael Romeo, Esq.
        1601 Cherry Street, Suite 1400
        Philadelphia, PA 19102
        *Attorneys for Defendant,*
        *Liberty Coca-Cola Beverages, LLC.*

        BY:   <u>/s/Brian M. Doyle</u>

            Brian M. Doyle, Esq.
            *Attorney for Plaintiff, Michael Matlosz*