IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MATLOSZ | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 20-5027 |
| LIBERTY COCA-COLA | : |
| BEVERAGES, LLC, ET AL. | : |

**O R D E R**

**AND NOW**, this 29th day of October 2021, upon consideration of Defendant Teamsters Local Union No. 830's Motion to Dismiss (ECF No. 6) and Plaintiff Michael Matlosz's Opposition thereto (ECF No. 8), it is **ORDERED** that the Motion is **GRANTED** in part and **DENIED** in part as follows:

1. Defendant's Motion is granted without prejudice with respect to Counts II and III of Plaintiff's Complaint (Pennsylvania common law claims for breach of the duty of fair representation and breach of fiduciary duty). Plaintiff may file an Amended Complaint within fifteen (15) days of the date hereof.[1]

2. Defendant's Motion is denied with respect to Count I of Plaintiff's Complaint (the Americans with Disabilities Act claim).[2]

**IT IS SO ORDERED.**

BY THE COURT:

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

[1] In his Memorandum in Opposition to Defendant's Motion, Matlosz requests leave to file an Amended Complaint for the purpose of clarifying his claims.

---

² Title I of the Americans with Disabilities Act (the "ADA") applies to labor unions. 42 U.S.C. § 12111(2). Courts analyze ADA employment discrimination claims under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2000). In the burden-shifting framework, the plaintiff must first establish a prima facie case. *McDonnell Douglas*, 411 U.S. at 802. The defendant then bears the burden "to articulate some legitimate, nondiscriminatory reason" for its actions. *Id*. If the defendant does so, then the plaintiff must prove that the defendant's explanation is really a pretext for discrimination. *Id*. To establish a prima facie case, a plaintiff must show "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998).

Here, Matlosz has sufficiently plead a prima facie case of employment discrimination under the ADA. (Compl. ¶¶ 17-19, 21, 24-26; ECF No. 1.)

The Union's primary challenge to Matlosz's ADA claim is based on its seniority system. The Union cites *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002) for the proposition that when an employer or a union has an established seniority system, it is not required by the ADA to accommodate an individual with a disability if doing so would conflict with the seniority system. Because Matlosz lost his vending warehouse position to a more senior employee who successfully bid on the position, the Union argues that its decision not to pursue a grievance on Matlosz's behalf accurately reflects the state of the law following *U.S. Airways*, namely that "seniority trumps disability."

The Union's argument misunderstands the Supreme Court's holding in *U.S. Airways* with respect to the current stage of this litigation. *U.S. Airways* was decided in the context of summary judgement, not a motion to dismiss. *Id.* at 394, 406. Though the Court held that "*ordinarily* the ADA does not require" an employer to accommodate a disabled employee's request for reassignment when doing so would conflict with an established seniority system, it expressly left open the possibility that a plaintiff could show "special circumstances" to establish that his request "is nonetheless reasonable." *Id.* at 405-06 ("The plaintiff might show, for example, that the employer, having retained the right to change the seniority system unilaterally, exercises that right fairly frequently, reducing employee expectations that the system will be followed—to the point where one more departure, needed to accommodate an individual with a disability, will not likely make a difference."). It follows that Matlosz should have the opportunity to demonstrate the existence of "special circumstances" as discussed in *U.S. Airways* and alleged in his Complaint, and that dismissal prior to discovery is therefore inappropriate. (Compl. ¶ 28.)

For the above reasons, the Union's Motion to Dismiss as to Matlosz's ADA claim (Count I) is denied.